UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,        ) | |
| )  | |
| Plaintiff,        ) | |
| v.        ) | Case No. 02-10059-003 |
| )  | |
| WILLIE COSEY,        ) | |
| )  | |
| Defendant.        ) | |

## ORDER

This matter is before the Court on Defendant Willie Cosey's ("Cosey") Motion to Appeal Out of Time Under Federal Rule of Criminal Procedures Rule 4(b)(1)(4) [#206], which the Court construes as a Motion for Extension of Time to file a notice of direct appeal of his criminal conviction, pursuant to Federal Rule of Appellate Procedure 4(b)(4).  For the reasons set forth below, the motion is DENIED.

## BACKGROUND

Cosey pled guilty to a charge of possession with intent to distribute cocaine in violation of 21 U.S.C. § 846 and 841(a)(1).  On May 27, 2004, he was sentenced to 150 months in prison and a six-year term of supervised release.  Cosey did not appeal his sentence at that time.

In December 2007, Cosey filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, which the Court construed as a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255.  In his § 2255 motion, Cosey claimed:  1) the criminal history points in his Presentence Report (PSR) were miscalculated, and 2) he received ineffective assistance of counsel during sentencing.  The Court denied Cosey's claims as time-barred by 28 U.S.C. § 2255.

## DISCUSSION

On January 8, 2010, Cosey filed the instant Motion for Extension of Time to file a late notice of appeal.  In his motion, Cosey states that following the sentencing phase, he instructed his attorney that he would like to appeal the sentencing issues, including erroneous criminal history points and unreasonableness of sentence.  He further states that he has had two massive strokes which have prevented him from filing timely appeals, and that Cosey's counsel informed him that counsel would file the notice of appeal.  Cosey cites cases discussing the ineffective assistance of counsel standard articulated in *Strickland v. Washington*.  466 U.S. 668 (1984).  Finally, Cosey requests that "he be entitled to file the out of time appeal, and that counsel be appointed.  Petitioner also ask that an evidentiary hearing be held."

Federal Rule of Appellate Procedure 4(b)(4) provides:

> Upon a finding of excusable neglect or good cause, the district court may -- before or after the time has expired, with or without motion and notice -- extend the time to file a notice of appeal not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(b).

FED. R. APP. P. 4.  At the time of Cosey's judgment of conviction, Rule 4(b)(1)(A) provided that a defendant's notice of appeal had to be filed in the district court within ten days after the later of the entry of either the judgment or the order being appealed, or the filing of the government's notice of appeal.  *Id.*[1]  The Government did not file an appeal here.  Even if Cosey's instant motion for extension of time otherwise provided  excusable neglect or good cause for his failure to timely file a notice of appeal, he remains time-barred under Rule 4(b)(4) because considerably more than 30 days from June 10, 2004, have expired. In fact, Cosey seeks a direct appeal of his conviction over

---

[1] Fed. R. App. P. 4(b)(1)(A) now requires a defendant's notice of appeal to be filed with the district court within fourteen days.

five years after that conviction became final. Therefore, Cosey's Motion for Extension of Time to file his direct appeal is denied.

Alternatively, the Court construes Cosey's motion as a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. As previously noted, Cosey already unsuccessfully pursued § 2255 relief in December 2007, when his motion was dismissed as untimely. It remains untimely today, now more than 5 and ½ years after his judgment of conviction became final. Even if Cosey's representation that he has had two massive strokes would otherwise serve to apply equitable tolling, his motion is fatally defective on other grounds.

The Antiterrorism and Effective Death Penalty Act of 1996, Pub.L.No. 104-132, 110 Stat. 1214 (April 24, 1996) (the "Act"), amended the provisions of 28 U.S.C. § 2255 by adding the following language:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain --
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255. As amended, § 2244(b)(3)(A) now requires the applicant to "move in the appropriate court of appeals for an order authorizing the district court to consider the application" prior to filing a second or successive application in the district court.

The instant motion would be Cosey's second petition for habeas corpus pursuant to § 2255 in response to his 2004 conviction for possession with intent to distribute cocaine, and his current

arguments are similar to those he presented in his first § 2255 motion. Cosey has failed to obtain an order from the Seventh Circuit Court of Appeals authorizing this Court to consider this application. Before this Court is able to consider his motion, he must obtain such order from the Seventh Circuit Court of Appeals. Therefore, Cosey's instant motion, construed as a § 2255 motion, is dismissed for lack of jurisdiction.

## **CONCLUSION**

For the reasons set forth above, Cosey's Motion for Extension of Time to file his direct appeal [#206] is DENIED as untimely. Alternatively, Cosey's motion, construed as a petition for habeas corpus pursuant to § 2255, is DISMISSED for lack of jurisdiction. Cosey's motion for appointment of counsel is therefore MOOT.

ENTERED this 5th day of February, 2010.

s/Michael M. Mihm
Michael M. Mihm
United States District Judge